[No. 20438-6-I. Division One. January 23, 1989.]

THE CITY OF SEATTLE, *Respondent,* v. JOHN ALTSCHULER, *Petitioner.*

*Jeffrey L. Needle,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Albert Raines, Assistant,* for respondent.

SCHOLFIELD, J.—The defendant, John C. Altschuler, appeals the King County Superior Court's order affirming his conviction in Seattle Municipal Court for resisting arrest. We reverse.

## FACTS

On May 23, 1986, at approximately 9:05 p.m., Seattle City Police Officers Olney and Haynes observed Altschuler drive through a red light at the intersection of Third Avenue N.W. and N.W. 85th in Seattle, Washington. The officers pursued Altschuler in their patrol car with their emergency lights flashing. Approximately 1 block past the red light, the officers caught up with Altschuler and, using their sirens, spotlights, and P.A. system, tried to get Altschuler to stop his car. Altschuler did not stop and continued driving at a moderate rate of speed (30 m.p.h.) until he reached his home approximately 12 blocks from the intersection.

Altschuler testified that the light at the intersection was green and that he had been unaware that there were police

officers trying to stop him. He did not hear any loudspeakers, but did see an unrecognizable light several blocks back.

When Altschuler reached his driveway, he used his remote control to open the garage door, drove into the garage, parked, and used the remote control to close the garage door. Officers Olney and Haynes pulled into the driveway immediately behind Altschuler, blocking exit by his car. As the garage door began to close, Officer Haynes ran into the garage. The garage door closed with Altschuler and Officer Haynes inside. There is no record before this court as to what occurred in the garage. Altschuler was subsequently arrested and charged in Seattle Municipal Court with resisting arrest, refusal to stop, and running a red light.

Altschuler subsequently made a motion in Seattle Municipal Court to dismiss the charge of resisting arrest on the basis that the arrest was illegal. The judge denied the motion, and Altschuler appealed to the King County Superior Court. On April 14, 1987, the Superior Court affirmed the municipal court convictions and in addition, ruled that Seattle's resisting arrest ordinance is constitutional. Altschuler then sought and was granted discretionary review by this court.

UNLAWFUL ARREST

The primary issue on appeal is whether Altschuler's arrest was unlawful. Altschuler contends that his arrest was unlawful because the arrest was made in his home without a warrant, the entry by police was nonconsensual, and the offense involved was a minor traffic infraction.

The Fourth Amendment prohibits police from making a warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest without exigent circumstances. *State v. Terrovona,* 105 Wn.2d 632, 644, 716 P.2d 295 (1986) (citing *Payton v. New York,* 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371 (1980)). All warrantless entries of a home are presumptively unreasonable, and the

government bears the burden of demonstrating exigent circumstances that overcome this presumption of unreasonableness before agents of the government may invade the sanctity of the home. *Welsh v. Wisconsin,* 466 U.S. 740, 749–50, 80 L. Ed. 2d 732, 104 S. Ct. 2091 (1984). There are 11 factors to consider in determining whether exigent circumstances existed to justify a warrantless police entry into a home: (1) a grave offense, particularly a crime of violence, is involved; (2) the suspect is reasonably believed to be armed; (3) there is reasonably trustworthy information that the suspect is guilty; (4) there is strong reason to believe that the suspect is on the premises; (5) the suspect is likely to escape if not swiftly apprehended; (6) the entry is made peaceably; (7) hot pursuit; (8) fleeing suspect; (9) danger to arresting officer or to the public; (10) mobility of the vehicle; and (11) mobility or destruction of the evidence. *Terrovona,* 105 Wn.2d at 644. Whether this rule imposes an absolute ban on warrantless home arrests for minor offenses has not been considered. *Welsh,* 466 U.S. at 749 n.11. However, in *Welsh,* Justice Brennan did state that "application of the exigent–circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense . . . has been committed." *Welsh,* 466 U.S. at 753.

■ In the present case, the City argues that the exigent circumstances requirement can be satisfied in three different ways. First, the City argues that the officers were in "hot pursuit." "Hot pursuit" means some sort of a chase, but not necessarily "an extended hue and cry 'in and about [the] public streets.'" *United States v. Santana,* 427 U.S. 38, 43, 49 L. Ed. 2d 300, 96 S. Ct. 2406 (1976). The City relies upon two Oregon Court of Appeals cases that cite *Santana* for the proposition that officers who are in "hot pursuit" of someone they observed commit a traffic infraction are justified in making a warrantless entry into a home to arrest the driver. *Portland v. Tuttle,* 62 Or. App. 62, 659 P.2d 1010 (1983); *State v. Niedermeyer,* 48 Or. App. 665, 617 P.2d 911 (1980). Such reliance is inappropriate. Not

only were both of the Oregon cases decided prior to *Welsh,* but *Santana*'s facts limit its application to the "hot pursuit" of a fleeing felon. *Welsh,* 466 U.S. at 750. Here, we are not concerned with a felon; we are concerned with running a red light and failure to stop. Furthermore, *Welsh* makes it clear that "hot pursuit" alone is not an exigent circumstance that would justify the warrantless entry of a home to make an arrest for such a minor offense. *Welsh,* 466 U.S. at 750, 753.

Second, the City argues that Altschuler was a "fleeing suspect." The evidence used to support the claim that Altschuler was "fleeing" from the police is equivocal. However, assuming arguendo that Altschuler was "fleeing", this alone, or combined with "hot pursuit," is not sufficient under the facts of the present case to justify a warrantless arrest of a suspect in his home. In *Welsh,* the Supreme Court makes it clear that the gravity of the underlying offense giving rise to the arrest is a key factor to be considered when determining whether any exigency exists. *Welsh,* 466 U.S. at 751–53. The Court cites Justice Jackson from his concurring opinion in *McDonald v. United States,* 335 U.S. 451, 460, 93 L. Ed. 153, 69 S. Ct. 191 (1948), to the effect that a warrantless entry into a home requires "real immediate and serious consequences" if action is postponed to get a warrant. *Welsh,* 466 U.S. at 751. The present case involves a minor offense. The record here does not reflect that the officers had any trouble in following Altschuler to his home. Altschuler did not speed and, more or less, maintained a constant rate of speed. The home itself could have been watched, while the usual warrant or a telephonic warrant was obtained. Furthermore, the record does not present any reason for the officers to have believed that Altschuler was armed, posed a danger to themselves or the public, or was likely to escape if not swiftly apprehended. The mere fact that Altschuler did not stop his car, without more, does not satisfy the exigent circumstances requirement that would allow government agents to invade the sanctity of the home.

Third, the City argues that Altschuler was driving a car and could leave at any time. Although Altschuler had been driving a car, the officers parked their vehicle in Altschuler's driveway in front of the garage door. It would have been virtually impossible for Altschuler to leave the premises in his car under these circumstances. Also, the house could have been watched while a warrant was obtained. Therefore, Altschuler's ability to leave the premises does not appear to satisfy the exigent circumstances requirement.

While we have "hot pursuit" in this case, there are no other factors indicating exigent circumstances sufficient to justify entering the home without a warrant, and therefore, the arrest was unlawful. Since the arrest was unlawful, then under Seattle's resisting arrest ordinance, Altschuler could not be convicted of resisting arrest, and that conviction must be reversed. Having so concluded, there is no need to address Altschuler's argument of challenging the constitutionality of the ordinance.

GROSSE, A.C.J., and WINSOR, J., concur.