[No. 18838-8-III.  Division Three.  April 17, 2001.]

THE STATE OF WASHINGTON, *Petitioner*, v. HARRY JOSEPH BESSETTE, *Respondent*.

*Rick Weber, Prosecuting Attorney,* and *Aaron G. Walls, Deputy,* for petitioner.

*Aaron F. Dalan* and *Kelli K. Armstrong,* for respondent.

SWEENEY, J. — Both the Fourth Amendment to the United

States Constitution and article I, section 7, of the Washington State Constitution require a warrant based on probable cause to search a home. Omak Police Officer James E. Bucsko saw a juvenile holding a beer bottle. He chased the juvenile to Harry Bessette's home. Officer Bucsko tried to enter the home to seize the suspect. Mr. Bessette refused entry and demanded a warrant.

The State charged and convicted Mr. Bessette, in district court, with obstructing a police officer. The superior court overturned the conviction, concluding that there were no exigent circumstances which justified any exceptions to the requirement of a search warrant.

The question before us is whether there were exigent circumstances which would have justified Officer Bucsko's warrantless entry into Mr. Bessette's home. We conclude there are not and affirm the judgment of the superior court.

## FACTS

Someone complained about juveniles making noise and throwing things. This took place in Omak, Washington, on the Colville Indian Reservation. Officer James E. Bucsko arrived and saw a juvenile holding a beer bottle. That juvenile ran to Harry Bessette's house. Officer Bucsko ordered him to stop. The juvenile ignored the command and ran inside.

Officer Bucsko pounded on the door and demanded that he be allowed inside the house.

Mr. Bessette opened the door. Officer Bucsko again ordered Mr. Bessette to let him in. Officer Bucsko said he was in hot pursuit. Mr. Bessette responded that no one was in the house except him and his wife. And he asked for a search warrant. Officer Bucsko said he did not need one. Mr. Bessette told Officer Bucsko to leave.

Officer Bucsko told Mr. Bessette that he was obstructing a police officer.

Mr. Bessette threatened to go to the officer's residence

and camp out. He demanded, and Officer Bucsko provided, his badge number and department. Officer Bucsko called his supervisor who told him to leave until they could determine whether Mr. Bessette lived on trust or fee land. Officer Bucsko left.

The State charged Mr. Bessette with obstructing a law enforcement officer.

The district court found, on stipulated facts, that Mr. Bessette lived on fee land, and that Officer Bucsko acted in the discharge of his official duties. The court also found that Mr. Bessette willfully hindered, delayed, and obstructed a law enforcement officer in the discharge of his official duties and convicted Mr. Bessette of obstructing a law enforcement officer.

Mr. Bessette appealed to the Okanogan County Superior Court. It concluded that Mr. Bessette's actions did not constitute obstruction because there were no exigent circumstances:

> This is a case of a non-violent insistence that police obtain a warrant in a situation when the exigencies are not obvious, the homeowner is not armed and no danger is presented to the public or the officer. Mr. Bessette's rights to be free of unreasonable searches under the fourth amendment and article I, section 7 prohibit conviction as a matter of law in these circumstances. In addition, no reasonable trier of fact could find that defendant acted willfully beyond a reasonable doubt.

Clerk's Papers (CP) at 108.

## DISCUSSION

Contentions. The State contends that Officer Bucsko had legal cause to enter Mr. Bessette's home because he was in hot pursuit of a misdemeanant. And these are exigent circumstances. *State v. Griffith*, 61 Wn. App. 35, 808 P.2d 1171 *(1991)*. Mr. Bessette's obstruction then was not the lawful insistence of his Fourth Amendment rights, but rather the illegal obstruction of a police officer.

Mr. Bessette responds that chasing a minor around

because he has a beer bottle in his hand hardly implicates the exigent circumstances exception to the warrant requirements of the Fourth Amendment, or his right to be free from unreasonable searches under article I, section 7, of the Washington State Constitution.

These contentions adequately frame the issue before us. And the question is not whether Mr. Bessette obstructed Officer Bucsko—of course he did. The question is whether he legally obstructed Officer Bucsko in reliance upon his constitutional (state and federal) right to insist on a judicial warrant as a condition of entry into his home. In other words, were there exigent circumstances here sufficient to dispense with the requirement of a warrant?

Constitutional Protections.

" 'The poorest man may in his cottage bid defiance to all the forces of the Crown. It may be frail; its roof may shake; the wind may blow through it; the storm may enter; the rain may enter; but the King of England cannot enter—all his force dares not cross the threshold of the ruined tenement!' "

*State v. Williams*, 142 Wn.2d 17, 32, 11 P.3d 714 (2000) (Sanders, J., dissenting) (quoting *Miller v. United States*, 357 U.S. 301, 307, 78 S. Ct. 1190, 2 L. Ed. 2d 1332 (1958)).

■ This time-honored sentiment is memorialized in both the Fourth Amendment to the United States Constitution[1] and article I, section 7,[2] of the Washington State Constitution. In the absence of consent or exigent circumstances, both provisions prohibit the warrantless entry into a home in order to make a felony arrest even though probable cause exists to arrest the individual therein. *Griffith*, 61 Wn. App.

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.

[2] "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." WASH. CONST. art. I, § 7. *See City of Tacoma v. Houston*, 27 Wn.2d 215, 220, 177 P.2d 886 (1947) ("no police officer may lawfully enter a person's home for the purpose of making a search therein, prior to the arrest, or the issuance of a warrant for the arrest, of such person").

at 41; *State v. Ramirez*, 49 Wn. App. 814, 818, 746 P.2d 344 (1987). It is for this reason that searches, under either the federal or Washington State Constitution, inside a home without a warrant are presumptively unreasonable. *Ramirez*, 49 Wn. App. at 818.

■ Exigent Circumstances. The idea underlying the exigent circumstances exception to the requirement of a search warrant is that police do not have adequate time to get a warrant. *See State v. Leupp*, 96 Wn. App. 324, 330, 980 P.2d 765 (1999) ("[e]xigent circumstances are present where it may be impractical to obtain a search warrant"), *review denied*, 139 Wn.2d 1018 (2000). They must then show reasons why it is impractical, or unsafe, to take the time to acquire a warrant or why a warrant would, other than for constitutional reasons, be unavailable.

Officer Bucsko's entry into Mr. Bessette's home would certainly have been nonconsensual. He justified his proposed warrantless search for the juvenile on exigent circumstances.

■ Our Supreme Court has articulated six factors to determine whether police entry into a home without a warrant is justified: (1) a grave offense, particularly a crime of violence; (2) a suspect who is reasonably believed to be armed; (3) trustworthy information that the suspect is guilty; (4) strong reason to believe that the suspect is on the premises; (5) likelihood of escape if the suspect is not swiftly apprehended; and (6) entry can be made peaceably. *State v. Terrovona*, 105 Wn.2d 632, 644, 716 P.2d 295 (1986). These six elements supplement the five different exigent circumstances: (1) hot pursuit; (2) fleeing suspect; (3) danger to arresting officer or the public; (4) mobility of a vehicle; and (5) mobility or destruction of the evidence. *Ramirez*, 49 Wn. App. at 819 n.4.

The home Officer Bucsko proposed to search was Mr. Bessette's. Mr. Bessette was a third party; he had commit-

ted no crime. The facts then are different than *Ramirez*[3] and *Griffith*.[4]

The judge's ruminations on this record suggest that his consideration of these factors appropriately led to the conclusion that these were not exigent circumstances: "the exigencies are not obvious, the homeowner is not armed and no danger is presented to the public or the officer." CP at 108. Our review of the record supports his judgment.

■ First, this, by any stretch, is not a grave offense. The offense under consideration is a minor in possession of alcohol. That is a gross misdemeanor. RCW 66.44.270(2). There is, moreover, a substantial body of federal law that the exigent circumstances exception to the warrant requirement is limited to felony arrests. *See Ramirez*, 49 Wn. App. at 819. But, in any event, minor in possession is not a grave offense—as a matter of law.

Second, no one has suggested that the minor here was armed or, for that matter, dangerous.

Third, there is certainly trustworthy information that the minor was guilty of a crime, albeit a gross misdemeanor.

Fourth, certainly he was on the premises since the officer saw him run into Mr. Bessette's home.

Fifth, the record is again devoid of information that this suspect is likely to escape if not swiftly apprehended. But even if the suspect did escape, he was hardly a threat to the health, safety, or welfare of the citizens of Omak.

Sixth, the entry here could not be made peaceably of course, given Mr. Bessette's insistence on a search warrant.

Finally, reasonably available judicial procedures could have been brought to bear on Mr. Bessette or others at the scene to find out who the minor was and apprehend him. Not the least of these would have been to simply obtain a telephone warrant to search and arrest a suspect who had

---

[3] 49 Wn. App. 814.

[4] 61 Wn. App. 35. *Griffith* is further distinguishable because there, as the court noted, the defendant was running to her home, instead of coming "to the doorway in response to a police officer's knock." *Griffith*, 61 Wn. App. at 41. Here, Mr. Bessette was not running to his home—he was lawfully in his home when he answered the door.

committed the gross misdemeanor in the officer's presence. *See City of Seattle v. Altschuler*, 53 Wn. App. 317, 321, 766 P.2d 518 (1989) (holding police could have watched defendant's home while obtaining "the usual warrant or a telephonic warrant" rather than entering the defendant's home when defendant committed only a minor offense).

In short, the circumstances here were not exigent and, therefore, did not justify Officer Bucsko's entry into Mr. Bessette's home without a warrant. This is particularly true given the stricter protection afforded by Washington State Constitution, article I, section 7. *Ramirez*, 49 Wn. App. at 821.

We affirm the judgment of the superior court reversing the district court's conviction of Mr. Bessette for obstructing a police officer.

KURTZ, C.J., and KATO, J., concur.