Submitted January 4, convictions in Case Number A132038 reversed and remanded; otherwise affirmed May 14, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAY LYNN KRUSE,
*Defendant-Appellant.*

Washington County Circuit Court
D055973M, D060612T

A132038 (Control); A132039

184 P3d 1182

Peter Gartlan, Chief Defender, Legal Services Division, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This appeal arises from two cases that were consolidated for trial. In Case Number A132038, defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010; second-degree criminal mischief, ORS 164.354; and reckless driving, ORS 811.140. In Case Number A132039, she was convicted of DUII. ORS 813.010. On appeal, she challenges only the convictions in Case Number A132038, arguing that the trial court erred in denying her motion to suppress evidence that the police obtained from a warrantless entry into her home. The state concedes that the trial court erred in denying the motion to suppress. As explained below, we conclude that the state's concession is well founded. Accordingly, we reverse and remand defendant's convictions in Case Number A132038.

The relevant facts are undisputed. At approximately 7:00 p.m. one December evening, the property manager for a large apartment complex observed a car speeding into the parking lot, where it almost hit her. She noticed that the car had a flat tire and that the driver was having difficulty making turns. She called 9-1-1 to report the incident, and Officers Coon and Miller responded to the dispatch. Upon the officers' arrival, the property manager led them to the car that she had reported, which was, by then, parked and vacant. The officers observed damage to a nearby fence and skid marks leading to the parked car. They ran a check on the car and discovered that the registered owner's address did not correspond to the apartment complex.

While the officers were examining the car, defendant's then 16-year-old daughter came outside and informed the officers that the car belonged to her mother. She told the officers that her mother had just arrived home and that her mother was intoxicated. With the daughter's permission, the officers followed her into the two-story townhouse apartment where she lived with defendant. The daughter went upstairs to converse with defendant. From the entryway on the first floor, Coon heard the daughter tell defendant that the police wanted to speak to defendant. Coon also heard defendant reply that she did not want to speak to the police officers.

Despite defendant's statement that she did not wish to speak to the police, and without obtaining a warrant, Coon climbed the stairs and began to talk to defendant. He observed signs of defendant's intoxication, and defendant told Coon that she was "definitely drunk." She agreed to accompany Coon to the living room on the first floor, where defendant failed several field sobriety tests and was arrested.

Defendant moved to suppress all evidence obtained after Coon proceeded beyond the apartment entryway. At the suppression hearing, Coon testified that he did not know the "exact time" that it would have taken to get a warrant but that the time would have been "very lengthy." The trial court concluded that Coon's warrantless entry was justified by exigent circumstances—that is, the dissipation of alcohol in defendant's blood—and denied defendant's motion to suppress. After a trial to the court, defendant was convicted on numerous charges related to her intoxication.

■ ■ Defendant appeals, asserting that the trial court erred in determining that exigent circumstances justified Coon's warrantless entry into her home beyond the entryway. It is undisputed that, when he proceeded beyond the entryway, Coon exceeded the scope of defendant's daughter's consent. It is also undisputed that the officers had probable cause to arrest defendant before Coon made contact with defendant. Consequently, the only issue on appeal is whether the state met its burden to prove exigent circumstances. Defendant contends that the state did not, and the state concedes that the trial court erred in concluding otherwise. Despite the state's concession of error, we have an independent obligation to review the rulings of the trial court for errors of law. *State v. Enakiev*, 175 Or App 589, 593 n 4, 29 P3d 1160 (2001) (citing *State v. Bea*, 318 Or 220, 224, 864 P2d 854 (1993)).

■ We turn first to defendant's contention that Coon's entry onto the second floor of her apartment violated Oregon's constitutional provision that guards against unreasonable searches. *See State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983) (courts address state constitutional issues before those under the federal constitution). Article I, section 9, of the Oregon Constitution provides that "[n]o law shall

violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search[.]" Warrantless entries and searches are *per se* unreasonable unless the state proves an exception to the warrant requirement. *State v. Bridewell*, 306 Or 231, 235, 759 P2d 1054 (1988). One such exception is the existence of exigent circumstances when the police officers have probable cause to arrest the suspect. *Id.* "An exigent circumstance is a situation that requires the police to act swiftly to prevent danger to life or serious damage to property, or to forestall a suspect's escape or the destruction of evidence." *State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991).

■        In the context of DUII, exigent circumstances may exist when police officers who have probable cause to arrest a suspect are confronted with a situation in which evidence of the suspect's intoxication will be destroyed by the natural dissipation of alcohol during the time it takes to secure a warrant. *State v. Nagel*, 320 Or 24, 33, 880 P2d 451 (1994) (stating that "[b]lood-alcohol content is a transitory condition, the evidence of which will dissipate in a relatively short time").

That does not mean, however, that warrants are not required in DUII cases. In *State v. Roberts*, 75 Or App 292, 296, 706 P2d 564 (1985), for example, we held that the potential destruction of evidence may justify a warrantless entry into a suspect's home *"if the state proves that the arresting officers could not have obtained a warrant before the alcohol in the suspect's body dissipated."* (Emphasis in original.) In that case, the state's only evidence about the length of time necessary to obtain a warrant was the arresting officer's testimony that he thought that it would have taken all day to obtain a warrant because the officers were unfamiliar with the procedures. *Id.* Furthermore, there was no evidence concerning the time required to secure the evidence, and the trial court did not even consider the availability of a telephonic warrant. *Id.* at 296-97. Because the state did not prove that "the officers could not have obtained a warrant within a reasonable time," we concluded, the trial court should have suppressed the evidence. *Id.* at 297.

In this case, defendant was convicted of multiple offenses related to her intoxication. As in *Roberts*, police officers obtained evidence of her intoxication as a result of a warrantless entry into her home. The state failed to prove that a warrant, including a telephonic warrant, could not have been obtained within a reasonable time to secure the evidence. The state's only evidence concerning the time necessary to obtain a warrant was that it would have been "very lengthy," although the officer did not know the "exact time." Consequently, the state failed to meet its burden to prove that exigent circumstances existed, and the evidence should have been suppressed.

Because we conclude that the Oregon Constitution protects defendant's interest in being free from unreasonable searches, it is unnecessary for us to consider defendant's contentions under the federal constitution.

Convictions in Case Number A132038 reversed and remanded; otherwise affirmed.