IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33088-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GISELA M. SEDANO, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

BROWN, J. — Gisela M. Sedano appeals her vehicular assault—under the influence conviction, arguing the trial court erred in denying her pre-trial suppression motion. We disagree, and affirm.

FACTS

Washington State Trooper Anthony Witney was following a vehicle from a distance on a rural road when the vehicle suddenly swerved to avoid an oncoming vehicle. The driver did not swerve fast enough and the vehicles collided, causing injuries to both drivers. Officer Witney approached the driver of the oncoming vehicle and observed an unconscious Ms. Sedano in the driver seat. Trooper Witney could smell intoxicants in her vehicle.

Trooper Christopher Kottong, a trooper with specialized training in impaired driving, met Ms. Sedano at the hospital. He also smelled intoxicants on her breath. Trooper Kottong contacted his off-duty sergeant to discuss logistics of getting a blood draw on Ms. Sedano. Hospital staff then notified the trooper they would be airlifting Ms. Sedano to another hospital soon and if he wanted a blood draw he had a limited window of availability. Trooper Kottong knew the process of getting a search warrant would take 40 minutes to an hour. This process included time to prepare the warrant using a computer in his car, contacting a judge by telephone, obtaining the judge's permission to sign the warrant, and then returning to the hospital for a licensed professional to perform the blood draw.

Trooper Kottong decided he did not have enough time to obtain a search warrant and arranged to have Ms. Sedano's blood drawn before she left the hospital. Her blood alcohol level was .13, which is over Washington's legal limit for operating a motor vehicle.

The State charged Ms. Sedano with vehicular assault – under the Influence. She unsuccessfully requested to suppress the results of the blood test, arguing the absence of exigent circumstances made the warrantless seizure of her blood illegal. The court found the fact Ms. Sedano was about to be transported beyond the trooper's ability to obtain a blood sample "formed an exigency sufficient to excuse the warrantless blood draw." CP at 79. A jury found Ms. Sedano guilty as charged. She appeals.

2

ANALYSIS

The issue is whether the trial court erred in denying Ms. Sedano's suppression motion for the warrantless blood draw. Mr. Sedano contends a warrant was required under the Supreme Court's holding in *Missouri v. McNeely* deciding "the natural dissipation of alcohol in the blood" is not a per se exigency justifying a warrantless blood draw. *Missouri v. McNeely*, ___U.S.___, 133 S. Ct. 1552, 1563, 185 L. Ed. 2d 696 (2013).

In reviewing the denial of a suppression motion, we "determine [ ] whether substantial evidence supports the challenged findings of fact and whether the findings support the conclusions of law." *State v. Garvin*, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Substantial evidence exists when it is enough "to persuade a fair-minded person of the truth of the stated premise." *Id.* (citation omitted). Conclusions of law from an order on a suppression motion are reviewed de novo. *Id.*

"[T]he taking of blood samples constitutes a search and seizure within the meaning of U.S. Const. amend. 4 and Const. art. 1, § 7." *State v. Judge*, 100 Wn.2d 706, 711, 675 P.2d 219 (1984). "[A] warrantless search of the person is reasonable only if it falls within a recognized exception," such as consent or exigent circumstances. *McNeely*, 133 S. Ct. at 1558, 1566.

*State v. Komoto*, 40 Wn. App. 200, 697 P.2d 1025 (1985) is instructive. There, the State argued a warrantless entry of a hit and run suspect's residence was justified to conduct a blood draw. Division One of this court held, "the need for the *immediate*

3

taking of a blood sample under the circumstances of this case was a sufficient exigency to justify proceeding without a warrant, or without attempting to obtain a telephonically authorized warrant." *Id.* at 214. In contrast, in *State v. Hinshaw*, 149 Wn. App. 747, 756, 205 P.3d 178 (2009), this court reversed convictions for driving while under the influence, first degree negligent driving, and hit and run, holding a warrantless entry into the defendant's home to conduct a blood draw was unconstitutional. There, however, there was no evidence of "some real immediate and serious consequence resulting from a delay in obtaining a warrant." *Id.* at 755.

Here, two officers smelled intoxicants on Ms. Sedano's breath, she had just caused a head-on collision, and she admitted to drinking prior to driving. The accident occurred in a rural area. She was taken by ambulance to a local hospital, but due to her injuries she needed to be airlifted to a larger hospital. Trooper Kottong only had a limited window before Ms. Sedano would be transported. Because alcohol dissipates in the blood stream over time, Trooper Kottong could not get an accurate reading if the blood was not tested before she left the area and she would become unavailable for a blood draw after the airlift.

"Exigent circumstances" are an exception to the search warrant requirement. An exigent circumstance exists where "obtaining a warrant is not practical because the delay inherent in securing a warrant would . . . permit the destruction of evidence." *State v. Smith*, 165 Wn.2d 511, 517, 199 P.3d 386 (2009). The *McNeeley* court held

4

exigency is determined case-by-case, based on the totality of the circumstances. 133 S. Ct. at 1559.

While the dissipation of alcohol in the blood is not a per se exigency, it is still an exigency when coupled with other extenuating circumstances. Here, Trooper Kottong was told Ms. Sedano was being transported in the very near future to another hospital. The opportunity to do a blood draw would be lost. Given the totality of the circumstances, Ms. Sedano's imminent transport "formed an exigency sufficient to excuse the warrantless blood draw." CP at 79. The findings of fact support the trial court's conclusion. Thus, the trial court did not err in denying Ms. Sedano's suppression motion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

5